1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                               EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   JOSEPH L. ENNIS, | Case No.: 1:23-cv-00160-BAM (PC) |
| 12                    Plaintiff, | SCREENING ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIMS |
| 13         v. | |
| 14   ANDERSON, *et al.*, | (ECF No. 13) |
| 15                    Defendants. | |

16

17       Plaintiff Joseph L. Ennis ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18 *pauperis* in this civil rights action under 42 U.S.C. § 1983.  The Court screened Plaintiff's

19 complaint, and he was granted leave to amend.  Plaintiff's first amended complaint, filed on June

20 14, 2023, is currently before this Court for screening.  (ECF No. 13.)

21    **I.     Screening Requirement and Standard**

22       The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

24 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

25 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

26 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

27       A complaint must contain "a short and plain statement of the claim showing that the

28 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

4  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

5  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

6        To survive screening, Plaintiff's claims must be facially plausible, which requires

7  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

8  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

9  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

10 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

11 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

12 **II.     Plaintiff's Allegations**

13       Plaintiff is currently housed at California Substance Abuse and Treatment Facility.

14 Plaintiff alleges the events in the complaint occurred while he was housed at Kern Valley State

15 Prison ("KVSP").  Plaintiff names as defendants: (1) A. Anderson, correctional sergeant, and (2)

16 D. Castillo, correctional officer.   Plaintiff alleges a violation of the Eighth Amendment for

17 brutality.  Plaintiff alleges as follows:

> The Defendants J. Anderson and D. Castillo used force to maliciously cause harm to Plaintiff, and such force used was not a necessary part of prison discipline. As a result of this violation the Plaintiff suffered multiple injuries such as swelling of his face, open & active bleeding gash over the right eye and minor bruises.  The Defendants are responsible for the unnecessary and wanton infliction of pain.
>
> On March 26, 2020, Plaintiff was trying to attend a committee hearing.  While trying to attend this hearing the Defendants J. Anderson and D. Castillo attacked and repeatedly punched Plaintiff in his face & head.  The Plaintiff was under escort by Defendant Anderson.  Anderson without warning suddenly bear hugs Plaintiff from behind, pinning Plaintiff's arms against his sides, lifts the Plaintiff into the air spinning him around to slam Plaintiff face down.  While being face down & posing no threat, Defendants Anderson and Castillo kept punching the Plaintiff in his face & head area repeatedly all the while the Plaintiff screamed for help!!  Both the Defendants Anderson and Castillo continued punching the Plaintiff until they became tired and others responded.

> The Plaintiff was of no threat, did not become any threat to the Defendants, only a victim to the brutality of Defendants. 3-26-20.

As remedies, Plaintiff seeks a declaration of rights, compensatory and punitive damages.

### III.     Eighth Amendment - Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff states a cognizable claim for excessive force against Defendants J. Anderson and D. Castillo.

### III.     Conclusion and Order

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable claim against Defendants J. Anderson and D. Castillo.

///

Accordingly, it is HEREBY ORDERED as follows:

1. This action shall proceed on Plaintiff's first amended complaint, filed on June 14, 2023 (ECF No. 13), against Defendants J. Anderson and D. Castillo for excessive force in violation of the Eighth Amendment; and
2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   **June 15, 2023**               /s/ *Barbara A. McAuliffe*           
                                        UNITED STATES MAGISTRATE JUDGE

4